UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

```
-------------------------------------------------------- x
In re:                                                   :
                                                         :      Chapter 13
TIMOTHY LOCKLEAR,                                        :
                                                         :      Case No.: 25-04666-5-PWM
                                       Debtor.           :
                                                         :
-------------------------------------------------------- x
```

## **NOTICE OF AMENDED MOTION**

The party represented by counsel below has filed papers with the court to move the court for an order for relief from the automatic stay or for adequate protection.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the order for relief from stay, or if you want the court to consider your views on the motion, then on or before April 24, 2026, unless otherwise ordered, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

United States Bankruptcy Court
Post Office Box 791
Raleigh, NC 27602

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy:

Eudora F. S. Arthur
Womble Bond Dickinson (US) LLP
555 Fayetteville St., Suite 1100
Raleigh, NC 27601

Troy Staley
Trustee
P.O. Box 1618
New Bern, NC 28563

WBD (US) 54893851v1

If a response and a request for hearing are filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set and all parties will be notified accordingly.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Dated: April 7, 2026                    WOMBLE BOND DICKINSON (US) LLP


By:  /s/ Eudora F. S. Arthur
     EUDORA F. S. ARTHUR
     N.C. State Bar. No. 59854
     555 Fayetteville Street, Suite 1100
     Raleigh, NC  27601
     Telephone: (919) 755-2178
     dorie.arthur@wbd-us.com

*Attorneys for Santander Bank, N.A., as servicer for Santander Consumer USA Inc.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

```
-------------------------------------------------------- x
In re:                                                   :
                                                         :   Chapter 13
TIMOTHY LOCKLEAR,                                        :
                                                         :   Case No.: 25-04666-5-PWM
                                      Debtor.            :
                                                         :
-------------------------------------------------------- x
```

### AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY

Now comes Santander Bank, N.A., as servicer for Santander Consumer USA Inc. ("Santander"), by and through counsel, and moves this court for an Order granting it relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and 1301, and Rule 4001 of the Bankruptcy Rules of Procedure. In support of its Motion for Relief from the Automatic Stay (the "Motion"), Santander shows unto the court as follows:

1.      This matter is a core proceeding pursuant to 28 U.S.C. § 157 and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina.

2.      On November 11, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 to commence the above-referenced case (the "Chapter 13 Case").

3.      On or about October 10, 2025, Santander extended a loan to Timothy Locklear (the "Debtor") and Jo Helen S. Lowery (the "Co-Debtor") to finance the purchase of a 2024 Honda CR-V, VIN No. 5J6RS5H80RL003561 (the "Vehicle").

4.      In conjunction with this loan, the Debtor and Co-Debtor executed a Retail

WBD (US) 54893851v1

Installment Contract in favor of Santander in the principal amount of $43,472.44 (the "Contract").

A true and accurate copy of the Contract is attached hereto as **Exhibit A**.

5. Santander has a perfected security interest in the Vehicle, as noted on the face of the Certificate of Title for the Vehicle (the "Certificate of Title"). A true and correct copy of the Certificate of Title is attached hereto as **Exhibit B**.

6. Debtor and Co-Debtor are currently due for November 2025 and have made no payments since the filing of the Chapter 13 Case.

7. The balance owed as of the Petition Date is $44,472.90.

8. On or about , the Debtor filed his Chapter 13 Plan (the "Plan") (D.I. 3), which provides for payment directly to Santander outside of the Plan.

9. Debtor and Co-Debtor have failed to make monthly payments to Santander pursuant to the Plan.

10. Upon information and belief, as of the filing of this Motion, the value of the Vehicle is approximately $35,400.00 according to N.A.D.A. Official Used Car Guide (the "Valuation"). A true and accurate copy of the Valuation is attached hereto as **Exhibit C**.

11. Based on the forgoing, Santander seeks relief from the automatic stay in order to exercise its rights and remedies under the Contract.

### **BASIS FOR RELIEF**

Section 362(d) sets forth the standards for determining whether relief from stay is appropriate. Section 362(d) states:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1)     for cause, including lack of adequate protection of an interest in property of such party in interest;

(2)     with respect to a stay of an act against property under subsection (a) of this section, if

(A)     the debtor does not have an equity in such property; and

(B)     such property is not necessary to an effective reorganization;

11 U. S. C. § 362.

12.     As a result of the Debtor's and Co-Debtor's failure to pay Santander's claim pursuant to the Plan, Santander is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause because Debtor and Co-Debtor have failed to provide adequate protection of Santander's interest, there is substantial risk of continuing loss to or diminution of the Vehicle, and the Vehicle is not necessary for the Debtor's successful reorganization.

13.     Cause exists for relief from the automatic stay under 11 U.S.C. § 362(d)(2) because there is no equity in the Vehicle and the Vehicle is not necessary to an effective reorganization.

14.     If Santander is not granted relief from the automatic stay and  permitted to repossess and liquidate the Vehicle, then Santander will suffer irreparable injury, loss, and damage by virtue of the decreasing value of the Vehicle.

15.     Because the Vehicle must be sold promptly to maximize its value, sufficient cause exists to waive the requirements of Rule 4001 such that the order granting relief from the automatic stay will be effective upon entry by the Court.

16.     A proposed order granting the Motion is attached hereto as **Exhibit C**.

WHEREFORE, Santander prays for the Court to grant the following relief:

1.     To enter an Order modifying the automatic stay imposed by 11 U.S.C. § 362(a) and the Co-Debtor stay under § 1301(c) to allow Santander to exercise its rights and remedies under the Contract and in accordance with applicable state law;

2.      To award Santander reimbursement of its attorney's fees and costs to be added to the balance of its claim, if any claims are filed; and

3.      To grant such other and further relief as the court deems just and appropriate.

Dated:  April 7, 2026                    WOMBLE BOND DICKINSON (US) LLP

By:  /s/ Eudora F. S. Arthur
      EUDORA F. S. ARTHUR
      N.C. State Bar. No. 59854
      555 Fayetteville Street, Suite 1100
      Raleigh, NC  27601
      Telephone: (919) 755-2178
      dorie.arthur@wbd-us.com

*Attorneys for Santander Bank, N.A., as servicer for Santander Consumer USA Inc.*

## **CERTIFICATE OF SERVICE**

I, the undersigned, of Womble Bond Dickinson (US) LLP, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served a copy of the foregoing Amended Motion for Relief from on:   Automatic Stay

> Timothy Locklear
> 335 Jasper Drive, Lot 10
> Shannon, NC 28386
> *Debtor*
>
> Johelen Locklear
> 335 Jasper Drive, Lot 10
> Shannon, NC 28386
> *Co-Debtor*

by depositing the same in the United States mail, first class, postage prepaid.

That on this day, the foregoing Amended Motion for Relief from Automatic Stay was served by electronic means through the Court's CM/ECF service on:

> Christopher T. Vonderau
> *Attorney for Debtor*
>
> Troy Staley
> *Chapter 13 Trustee*
>
> Brian Behr, Esq.
> *Bankruptcy Administrator*

I certify under penalty of perjury that the foregoing is true and correct.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: April 7, 2026

WOMBLE BOND DICKINSON (US) LLP

By:    /s/ Eudora F. S Arthur
        EUDORA F. S. ARTHUR
        NC State Bar Number 59854
        555 Fayetteville St., Suite 1100
        Raleigh, NC 27601
        Telephone: (919) 755-2178
        dorie.arthur@wbd-us.com

*Attorneys for Santander Bank, N.A., as servicer for Santander Consumer USA Inc.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

```
--------------------------------------------------------- x
In re:                                               :
                                                     :      Chapter 13
TIMOTHY LOCKLEAR,                                    :
                                                     :      Case No.: 25-04666-5-PWM
                                Debtor.              :
                                                     :
--------------------------------------------------------- x
```

## ORDER GRANTING MOTION
## FOR RELIEF FROM AUTOMATIC STAY

Upon consideration of Santander Bank, N.A., as servicer for Santander Consumer USA Inc.'s Motion for Relief from Automatic Stay (the "Motion") and any objection to the Motion; and after due deliberation thereon; and good cause having been shown and found; it is, by the United States Bankruptcy Court for the Eastern District of North Carolina, hereby:

**ORDERED**, that the Motion is **GRANTED**; and it is further

**ORDERED**, that the automatic stay of 11 U.S.C. § 362 and Co-Debtor Stay of 11 U.S.C. § 1301 are hereby terminated to permit Santander Bank, N.A., as servicer for Santander Consumer

USA Inc. to exercise its rights and remedies under applicable non-bankruptcy law under the Retail Installment Contract executed by Debtor and Co-Debtor in favor of Santander Bank, N.A., as servicer for Santander Consumer USA Inc. in the principal amount of $43,472.44 for the financed purchase of one (1) 2024 Honda CR-V, VIN No. 5J6RS5H80RL003561 (the "Vehicle") and in accordance with applicable state law; and it is further

**ORDERED**, that Santander Bank, N.A., as servicer for Santander Consumer USA Inc. is permitted to apply the proceeds of any disposition of the Vehicle to the outstanding indebtedness due and owing Santander Bank, N.A., as servicer for Santander Consumer USA Inc., including principal, interest, late fees, attorneys' fees, and costs as allowed by the loan and applicable law; and it is further

**ORDERED**, that upon disposition of the Vehicle, Santander Bank, N.A., as servicer for Santander Consumer USA Inc. must provide an explanation of any surplus to the trustee, the debtor's attorney, and the debtor within 14 days and send payment of such surplus to the trustee within 60 days, pending further order of the court regarding its distribution

**ORDERED**, that Santander Bank, N.A., as servicer for Santander Consumer USA Inc. has 120 days for personal property from entry of the order granting the relief to file a deficiency claim, unless the court, for good cause shown by motion filed before the expiration of such period, extends the same;

**ORDERED**, that the Court shall retain jurisdiction over the subject matter of this Order and to enforce the provisions set forth herein; and it is further

**ORDERED**, that the fourteen-day stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived.

END OF DOCUMENT