**SO ORDERED**

**SIGNED this 13 day of May, 2026.**

_____
**Pamela W. McAfee**
**United States Bankruptcy Judge**

_____


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION


-------------------------------------------------------- x
In re:                                                                :
                                                                          :        Chapter 13
TIMOTHY LOCKLEAR,                                     :
                                                                          :        Case No.: 25-04666-5-PWM
                                           Debtor.           :
                                                                          :
-------------------------------------------------------- x

### CONSENT ORDER DENYING RELIEF FROM AUTOMATIC STAY AND PROVIDING TERMS FOR ADEQUATE PROTECTION

NOW COME the parties upon the Motion For Relief From Automatic Stay filed by Santander Bank, N.A., as servicer for Santander Consumer USA Inc. (hereinafter "Santander"), and counsel for the Debtor having filed a response and requested a hearing on the Motion, and the parties having agreed to enter this Order by consent, disposing of the above-referenced Motion, and the Court having reviewed the file and considered the representations of counsel for the Debtor and Santander, hereby makes the following:

### FINDINGS OF FACT

1. The Debtor's petition was filed on November 11, 2025.

2.   The above-captioned matter is pending in the Eastern District of North Carolina, Fayetteville Division, and Troy Staley has been appointed as Trustee.

3.   Santander is a duly scheduled creditor.

4.   On or about October 10, 2025, Santander extended a loan to Timothy Locklear (the "Debtor") and Jo Helen S. Lowery (the "Co-Debtor") to finance the purchase of a 2024 Honda CR-V, VIN No. 5J6RS5H80RL003561 (the "Vehicle"), pursuant to the terms of a Retail Installment Sale Contract – Simple Interest Charge of even date (the "Contract").

5.   Under the terms of the Contract, Santander has a purchase money security interest in and first lien on the Vehicle that it duly perfected by recordation on the Certificate of Title.

6.   Santander timely filed its Proof of Claim in this case.

7.   The Debtor's Chapter 13 Plan calls for the post-petition payments due under the Contract to be made directly to Santander.

8.   The post-petition payments currently due under the Contract are in arrears for the months of November 2025, December 2025, January 2026, February 2026, March 2026, and April 2026 in the amounts of $1,049.84 each, plus six (6) late fees of $18.00 each, for a total past due through April 2026 of $6,407.04.

9.   The Motion for Relief From Automatic Stay should be denied and the Automatic Stay should remain in effect so long as the Debtor complies with the following terms of adequate protection:

a.   The Debtor shall resume regular monthly payments of $1,049.84 per month directly to Santander beginning with the payment due on May 10, 2026.  If the May 10, 2026 regular payment is not received by Santander on or before 5:00 PM on May 10, 2026, then the automatic stay shall

be immediately lifted to allow Santander to exercise its rights and remedies under the Contract and applicable laws.   Beginning with the June 10, 2026 payment and continuing for twelve (12) consecutive months, if any regular monthly payment is not received by Santander by 5:00 PM on the thirtieth (30th) day after the day on which it is due, then the automatic stay shall be immediately lifted to allow Santander to proceed against the Vehicle in accordance with its Contract, Security Agreement and applicable law.

b.   The Debtor shall cure the post-petition arrearage of $6,407.04 through the April 2026 payment by making six (6) equal monthly payments of $1,067.84 with the first payment being due on May 10, 2026 and the subsequent payments being due on the tenth (10th) day of each month thereafter for a total of six consecutive months.   If any monthly cure payment is not received by Santander by 5:00 PM on the thirtieth (30th) day after the day on which it is due, then the automatic stay shall be immediately lifted to allow Santander to proceed against the Vehicle in accordance with its Contract, Security Agreement and applicable law.

**BASED UPON THE FOREGOING FINDINGS OF FACT THE COURT HEREBY MAKES THE FOLLOWING CONCLUSIONS OF LAW:**

1. That all parties necessary for a full and complete determination of the matters set forth in this Order are properly before the Court.

2. That the Court has jurisdiction over the parties and the subject matter herein.

**WHEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. That so long as the Debtor complies with the terms of adequate protection set forth in Paragraph 9 of the Findings of Fact above, the automatic stay shall remain in effect.

2. That if the Debtor fails to comply with any of the terms of adequate protection set forth above in Paragraph 9 of the Findings of Fact herein, the automatic stay shall be and hereby is dissolved to allow Santander to proceed against the Vehicle in accordance with applicable law and its security agreement.

3. That the Debtor shall reimburse Santander for its reasonable attorneys' fees and expenses in the amount of Four Hundred Forty Nine and 00/100 Dollars ($449.00) which shall be added to the balance of the loan.

4. That the Debtor's attorney is awarded the presumptive fee for the defense of the Motion for Relief of $600.00 to be paid through the Chapter 13 Plan over the life of the Plan.

5. That if the automatic stay is dissolved for failure to comply with the terms of this Order:

    a. The Debtor is ordered to immediately release the Vehicle to Santander or advise it of the location of the Vehicle and the name, address, and telephone number of any third party who has possession of the Vehicle.

    b. That Santander is allowed a period of one hundred twenty (120) days following the sale or subsequent disposition of the Vehicle to file an unsecured claim in this case for any outstanding deficiency balance remaining after sale or subsequent disposition of the Vehicle.

    c. The Trustee shall cease making any disbursements on Santander's claim for the Vehicle.

    d. That the lift of stay and subsequent turnover of the Vehicle shall be effective immediately upon entry of the Notice of Default/Notice of Lift of Stay pursuant to Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure, notwithstanding anything to the contrary in the Rules of Bankruptcy Procedure which might be applicable.

6. That time is of the essence as to each and all of the provisions of this Order.

7. That this Court shall, and hereby does, retain jurisdiction over this matter, the parties hereto, and the subject matter hereof, to the extent permitted under applicable law, for the entry of such other and further orders as are either necessary or appropriate to accomplish the foregoing.

We Consent/Do Not Object:

/s/ Eudora F. S. Arthur
Eudora F. S. Arthur
Attorney for Santander Bank, N.A., as servicer for Santander Consumer USA Inc.
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2178
Facsimile: (919) 755-2150
Email: dorie.arthur@wbd-us.com
NC State Bar No.: 59854

/s/Christopher T. Vonderau
Christopher T. Vonderau
Attorney for Debtor
4022 Shipyard Blvd.
Wilmington, NC 28403
Telephone: (910) 202-3110
Facsimile: (910) 397-7951
NC State Bar No.: 25019
Attorney for the Debtor

/s/Troy Staley
Troy Staley
Chapter 13 Trustee
PO Box 1618
New Bern, North Carolina 28563
Telephone: (252) 633-0074
NC State Bar No.: 43229
Chapter 13 Trustee

"End of Document"